USCA1 Opinion

 

 December 23, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 93-1496 BEVERLY GILLIS, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Lawrence P. Cohen, Magistrate Judge] ________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Frank J. Ciano for appellant. ______________ George B. Henderson, II, Assistant United States Attorney, ________________________ with whom A. John Pappalardo, United States Attorney, was on ____________________ brief for appellee. ____________________ ____________________ BOWNES, Senior Circuit Judge. Plaintiff-appellant, BOWNES, Senior Circuit Judge. ____________________ Beverly Gillis, sued the United States under the Federal Tort Claims Act, 28 U.S.C. 2671-2680. Summary judgment on liability was granted to plaintiff without opposition by the defendant-appellee, United States. After trial, a magistrate judge found that plaintiff's damages amounted to $12,000. Dissatisfied with that sum, plaintiff appealed. There are two issues before us: whether the trial court's finding of damages was erroneous; and whether the trial court erred in allowing defendant's expert witness to testify. I. I. It is beyond cavil that findings of fact by the trial court are subject to the "clearly erroneous" standard of review. Fed. R. Civ. P. 52(a); Anderson v. Bessemer City, ________ _____________ 470 U.S. 564, 573 (1985); American Title Ins. Co. v. East ________________________ ____ West Fin. Corp., 959 F.2d 345, 345-46 (1st Cir. 1992); _________________ LoVuolo v. Gunning, 925 F.2d 22, 24-25 (1st Cir. 1991); _______ _______ Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148, 152 ________ ____________________________ (1st Cir. 1990). We recapitulate the pertinent findings of the trial court. Plaintiff was injured on May 10, 1988, when the rear bumper of a mail truck "hooked" the front bumper of the parked car in which she was sitting. Plaintiff testified that she felt neck pain at the time. After driving her brother home and picking up her daughter at school, plaintiff -2- 2 went to the hospital, was treated and discharged. Her pain increased two or three weeks after the accident, and she was referred to an orthopedic specialist. In 1978 plaintiff injured her back at work. In 1984 or 1985 she fell down some stairs, injuring her back again. In 1985 she experienced "severe" neck pain, without any trauma, and was treated by a chiropractor. Plaintiff offered the expert testimony of her neurologist, Dr. Fullerton, via a videotape deposition. Dr. Fullerton was her last treating physician. He ordered an electromyogram (EMG) and magnetic resonance imaging (MRI). Based on these procedures, Dr. Fullerton found that there was no significant nerve defect, but that there was a slight herniation of the C-4/C-5 disc. It was Dr. Fullerton's opinion that the herniation and consequent pain was caused by the accident involving the mail truck. Dr. Fullerton had not been informed by plaintiff of the two prior accidents involving her back or the trauma-absent neck pain she experienced in 1986. Defendant's expert witness was Dr. Logigian. He had examined plaintiff, the EMG, and MRI reports, and was advised of plaintiff's three prior injuries. It was Dr. Logigian's opinion that plaintiff's pain was caused by the herniated disc and the herniation was not caused by the mail truck accident. -3- 3 The magistrate judge credited the testimony of defendant's expert over that of plaintiff's. That, of course, was a decision entirely within the court's discretion. The trial court stated: In the circumstances, this court cannot fairly conclude that all of ___ plaintiff's medical bills, lost income, or pain and suffering, [were] caused by ______ the negligence of the government. To be sure, as argued by counsel for plaintiff, a "wrongdoer [is] responsible for the harmful results of the combined effects ________ of his wrongful act and a preexisting disease or condition." McGrath v. G. & _______ ____ P. Thread Corp., 228 N.E.2d 450, 453 ________________ (Mass. 1967). (Emphasis added). That is a correct statement of the law so far as it goes. But the corollaries to the rule also [apply] - i.e., that a wrongdoer is ____ not liable for damages suffered by a ___ plaintiff which that plaintiff would have suffered solely on account of the preexisting condition, or for damages for a worsening of that preexisting condition which was bound to occur even if no further injury was suffered. (Footnotes omitted.) The court pointed out that plaintiff did not try her case on an "aggravation" theory, "at least [not] by or through her expert." Our examination of the pleadings reveals that neither the first nor the amended complaint states or implies that the accident aggravated an underlying injury. Count 5 of the amended complaint states: As a result [of the accident] the plaintiff sustained serious injury, suffered pain of body and mind, incurred -4- 4 medical bills and has been unable to perform her usual duties and activities. The court held: In short, this court finds and concludes that, although the accident did cause some "aggravation" of a preexisting injury immediately after the injury, the pain and suffering about which plaintiff now complains, and most of the medical bills incurred by plaintiff, was and is the sole result of either a disc herniation which preceded the accident in question, or a condition which would have occurred even in the absence of that accident. (Footnote omitted.) The court then awarded plaintiff $12,000 as damages. We have fully considered all of plaintiff's arguments and have read the record carefully. Viewing the evidence and findings through the lens of the clearly erroneous standard of review, we find no basis for a challenge to the trial court's findings and holding. II. II. The next issue is whether the court erred in allowing defendant's expert to testify at the trial. Plaintiff's argument is based on a claimed violation of Fed. R. Civ. P. 26(e)(1),1 which states: A party is under a duty seasonably to supplement the response with respect to any question directly addressed to (A) the identity and location of persons having knowledge of discoverable matters, ____________________ 1. Rule 26(e) has been changed, effective December 1, 1993, but the change neither affects subsection (1) nor plaintiff's argument. -5- 5 and (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's testimony. Sometime prior to trial, plaintiff submitted an interrogatory to defendant that requested the following information: "State the names and addresses of all persons defendant intends to call as a witness in the trial of the within matter, and the substance of said testimony." Appellant's Brief at 19. Two weeks prior to trial, defendant identified Dr. Logigian as an expert expected to testify. Plaintiff contends that this interrogatory was not answered seasonably and therefore the testimony of defendant's expert should have been excluded. Plaintiff so moved in the trial court prior to the start of trial. The question is whether the answer was made seasonably.2 The facts are not as stark as plaintiff suggests. The best way to explain the trial court's ruling is to quote directly from its opinion. On or about March 25, 1993, plaintiff filed a motion in limine to preclude the testimony of Dr. Logigian on the grounds that he was not listed as a witness by the government. Given, however, that no pretrial order as such, fixing witnesses, was entered by ____________________ 2. Although the interrogatories and answers thereto were not part of the record below, we reject defendant's contention that we, therefore, should not consider this issue. -6- 6 this court, and given, as reported in the motion, that the plaintiff was - and had been - in possession of Dr. Logigian's full report in February, this court denied that motion on March 25, 1993. When trial began, counsel for plaintiff was apparently unaware of this court's action on the motion. The motion was renewed. At that time, this court again denied the motion, but made clear that the court would revisit the matter if, after direct examination, plaintiff could establish any prejudice. Direct examination proceeded, and Dr. Logigian was adequately and competently cross-examined by counsel for plaintiff. The matter was not again brought to the attention of this court. App. 187A, n.5. Immediately prior to the start of trial, plaintiff's counsel admitted, in reply to a question by the court, that the report furnished him contained all the information that an answer to the interrogatory would have disclosed. And, although arguing that disclosure of the expert's report came too late for necessary in-depth preparation for cross-examination, plaintiff's lawyer did not request a continuance. It is universally accepted that review of discovery sanctions must be made in light of the "abuse of discretion" standard. See National Hockey League v. Metropolitan Hockey ___ ______________________ ___________________ Club, 427 U.S. 639, 642 (1976); Thibeault v. Square D Co., ____ _________ _____________ 960 F.2d 239, 243 (1st Cir. 1992); Freund v. Fleetwood ______ _________ Enters., Inc., 956 F.2d 354, 359 (1st Cir. 1992). Although _____________ -7- 7 the usual sanction is preclusion of testimony, we see no reason not to apply an abuse of discretion standard when evidence is admitted. And we have done so. In Smith v. _____ Massachusetts Inst. of Technology, 877 F.2d 1106 (1st Cir.), __________________________________ cert. denied, 493 U.S. 965 (1989), we held that the trial _____ ______ court did not abuse its discretion in refusing to strike an expert's testimony. Id. at 1112. In that case, we pointed ___ out: "Courts have looked with disfavor upon parties who claim surprise and prejudice but who do not ask for a recess so they may attempt to counter the opponent testimony." Id. at 1111 (quoting Johnson v. H.K. Webster, Inc., 775 F.2d ___ _______ __________________ 1, 8 (1st Cir. 1985)). The trial court did not abuse its discretion by allowing defendant's expert to testify. Affirmed, costs to appellee. Affirmed, costs to appellee. ____________________________ -8- 8